IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Irshad Ibrahim Muhammad,        ) <br>         ) <br>        Petitioner,    ) <br>         ) <br>        vs.          ) <br>         ) <br> Warden of Lee Correctional    ) <br> Institution,         ) <br>         ) <br>        Respondent.   ) <br> _____) | Civil Action No. 6:15-3232-BHH-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, brought this action seeking habeas corpus relief pursuant to Title 28, United States Code, Section 2254. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review post trial petitions for relief and submit findings and recommendations to the district court.

## BACKGROUND

The petitioner is currently confined at Lee Correctional Institution in the South Carolina Department of Corrections ("SCDC"). He was indicted by a Richland County Grand Jury in April 2009 for murder (Indictment No. 2009-GS-40-0477) (app. 327-28). The petitioner was represented by Kris Hines and Nicole Singletary of the Fifth Circuit Public Defender's Office. On February 5, 2010, the petitioner pled guilty to the lesser-included charge of voluntary manslaughter before the Honorable L. Casey Manning (app. 1-3). Fifth Circuit Assistant Solicitor Dan Goldberg appeared on behalf of the State.

As presented at the guilty plea, the petitioner shot and killed Donald Jordan on January 8, 2009. Mr. Jordan was driving his vehicle away from an argument at the time of the gunshot and, having been shot in the back, crashed his vehicle into a tree. Mr. Jordan was pulled from the car prior to its catching fire, but passed away en route to the

hospital. Once apprehended, the petitioner admitted to firing the gun, but indicated that it was not his intent to physically harm the victim (app. 17-21). Judge Manning sentenced the petitioner to 30 years of incarceration with credit for time served (app. 329). The petitioner did not pursue direct appeal.

On November 15, 2010, the petitioner filed an application for post-conviction relief ("PCR") (2010-CP-40-08024) (app. 31-37). In his application, the petitioner alleged ineffective assistance of counsel in that his "attorney failed to advise [him] of the use of [his] statement at trial" (app. 33). The petitioner amended his PCR application on August 29, 2012, alleging ineffective assistance of plea counsel for the following reasons:

> (a) Witness statements were improperly used against me because they were inaccurate, inconsistent, and contradicted one another. This situation was even mentioned by Solicitor Dan Goldberg on the record at my plea agreement. If I would have known those statements could have been suppressed and/or impeached, I would not have pled. If I would have known that those witnesses were not credible because of their felony convictions, I would not have pled. My attorney did not advise me of any of these problems with the witnesses arrayed against me and/or their statements. Therefore, I did not have the effective assistance of counsel regarding this charge.

> (b) This was my first offense and the situation was so overwhelming I was unaware of my surroundings and what was legally taking place. I had no idea of what questions to ask my attorney. I only pled to avoid life in prison because my attorney Ms. Hines told me that I had "no defense." I was also on Depakote, a mood stabilizer and antipsychotic at the time of my plea. I was not thinking clearly and only listening to my attorney and relying on her. I do not believe I was able to understand what was taking place. If my attorney had stopped the plea process and explained the case to me in a manner I could have understood, I would not have pled. Therefore, I did not have the effective assistance of counsel regarding this charge.

> (c) Prior to my plea, while being interrogated, I was suppressed and forced into making my statement. I was mentally attacked while intoxicated, and I was bribed with cigarettes. Furthermore, I was bribed with drinking water and the possibility of seeing my daughter. I was coerced into making my statements after being

2

> threatened with additional charges. Had my attorney communicated to me - in a manner that I could have understood - that my statement could have been suppressed[sic], I would not have pled. Therefore, I did not have the effective assistance of counsel regarding this charge.
>
> (d) My attorney Ms. Hines did not talk to me - in a manner I could have understood - regarding appealing my conviction. Therefore, I did not have the effective assistance of counsel regarding this charge.

(App. 38-45).

The petitioner filed a second amended PCR application on October 3, 2012, again alleging ineffective assistance of counsel for reasons (a) through (d) above, and adding the following allegation:

> (e) My attorney Ms. Hines ordered a competency to stand trial report, which was supposedly attached to the Transcript of the Record for my guilty plea. However, I never had a hearing on the issue of my competency to stand trial. I do not know if Ms. Hines ever requested this hearing. Therefore, I did not have the effective assistance of counsel regarding this charge and I was denied my right to Due Process of Law.

(App. 46-53).

Aaron J. Haye represented the petitioner at a September 11, 2012, evidentiary hearing before the Honorable J. Ernest Kinard, Jr.  Assistant Attorney General Robert D. Corney appeared on behalf of the State (app. 60).  The petitioner, his mother, and his former plea counsel testified (app. 61).

By order filed February 6, 2013, Judge Kinard denied and dismissed the application with prejudice (app. 307-20).  The petitioner filed a motion to alter or amend the order to include reference to the petitioner's second amended application, which was omitted from the first order of dismissal (app. 321-24).  Judge Kinard issued a supplemental order of dismissal on March 12, 2013, to reflect that he denied each of the petitioner's PCR allegations raised in his initial, amended, and second amended applications (app. 325-26).

3

The petitioner appealed the denial of relief. He was represented by Appellate Defender LaNelle DuRant of the South Carolina Commission on Indigent Defense. Appellate counsel filed a *Johnson* petition[1] for writ of certiorari, which presented the following issue: "Did the PCR court err in failing to find plea counsel ineffective for not insuring that petitioner's guilty plea was entered freely, voluntarily and knowingly?" (doc. 16-5). In conjunction with the *Johnson* petition, counsel DuRant filed a petition to be relieved, citing that "[i]n her opinion seeking certiorari from the order of dismissal [was] without merit" (doc. 16-5 at 9).

By order dated September 11, 2014, the Supreme Court of South Carolina denied the petition for certiorari and granted counsel's petition to be relieved (doc. 16-6). The remittitur was issued on September 29, 2014, and was filed by the Richland County Clerk of Court on October 1, 2014 (docs. 16-3, 16-7).

## FEDERAL PETITION

In his federal petition, the petitioner makes the following claims:

**Ground One**: Ineffective Insufficient Counsel

**Supporting Facts**: My conviction or sentence violates United States or South Carolina Constitution because I received Ineffective assistance prior to, during, and after pleading guilty to the above referenced indictment.

**Ground Two**: Ineffective assistance of counsel

**Supporting Facts**: Witness statements were improperly used against me because they were inaccurate, inconsistent, and contradicted one another. This situation was even mentioned by Solicitor Dan Goldberg on the record at my plea agreement. If I would have known those statements could have been suppressed and/or impeached, I would not have pled. If I would have known that those witnesses were not credible because of their felony convictions, I would not have pled. My attorney did

---

[1]The Supreme Court of South Carolina "has approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in *Anders v. California*, 386 U.S. 738 (1967), were followed." *Johnson v. State*, 364 S.E.2d 201, 201 (S.C. 1988).

4

not advise me of any of these problems with the witnesses arrayed against me and/or their statements. Therefore, I did not have the effective assistance of counsel regarding this charge.

**Ground Three**:  Ineffective assistance of counsel

**Supporting Facts**:  This was my first offense and the situation was so overwhelming I was unaware of my surroundings and what was legally taking place. I had no idea of what questions to ask my attorney. I only pled to avoid life in prison because my attorney Ms. Hines told me that I had "no defense." I was also on Depakote, a mood stabilizer and antipsychotic at the time of my plea. I was not thinking clearly and only listening to my attorney and relying on her. I do not believe I was able to understand what was taking place. If my attorney had stopped the plea process and explained the case to me in a manner I could have understood, I would not have pled. Therefore, I did not have the effective assistance of counsel regarding this charge.

**Ground Four:**  Ineffective assistance of counsel

**Supporting Facts**:  Prior to my plea, while being interrogated, I was suppressed and forced into making my statement. I was mentally attacked while intoxicated, and I was bribed with cigarettes. Furthermore, I was bribed with drinking water and the possibility of seeing my daughter. I was coerced into making my statements after being threatened with additional charges. Had my attorney communicated to me, in a manner that I could have understood, that my statement could have been suppressed, I would not have pled.

(Doc. 1 at 5-10).

On October 23, 2015, the respondent filed a motion for summary judgment and the return.  By order of this court filed the same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately.   On November 30, 2015, the petitioner requested an extension of time to file his response (doc. 20), which was granted through December 30, 2015 (doc. 22).  The petitioner did not file a response by that date.

5

As the petitioner is proceeding *pro se*, the undersigned filed an order on January 6, 2016, giving the petitioner through January 26, 2016, to file his response to the motion for summary judgment. The petitioner was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The petitioner did not file a response.

On February 2, 2016, the undersigned issued and report and recommendation recommending that the case be dismissed for lack of prosecution. On February 18, 2016, the petitioner filed his response to the motion for summary judgment and informed the court that he had technical difficulties in filing his response (doc. 31 at 4). On February 24, 2016, the Honorable Bruce Howe Hendricks, United States District Judge, issued an order declining to adopt the recommendation and referring the case back to the undersigned for consideration of the petitioner's response (doc. 34).

## APPLICABLE LAW AND ANALYSIS

### *Summary Judgment Standard*

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex*

6

*Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion.  *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

**Exhaustion**

Before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A).  In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1)  through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203, SCACR; S.C. Code Ann. §§ 17–27–10,–90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C.1976).   The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990).  In *McKennedy*, the South Carolina Supreme Court specifically held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan [v. Boerckel*, 526 U.S. 838 (1999)]." 559 S.E.2d at 854.

The petitioner neither timely pursued nor exhausted his direct appeal remedies. *See* Rule 203(b)(2), SCACR (ten day limit in which to appeal after sentencing).

7

Given the time for pursuing appeal has long passed, the petitioner has no direct appeal remedies still available to him.  The petitioner pursued and exhausted his PCR remedy as a matter of right.  The PCR court dismissed his application, the petitioner appealed that dismissal, and certiorari was denied.   He has no further PCR remedies available to him. *See Wade v. State*, 559 S.E.2d 843, 847 (S.C. 2002) ("An individual under PCR effectively is granted one chance to argue for relief and must do so within a year of his final appeal"). Accordingly, the petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).

***Statute of Limitations***

The petition in this case was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Accordingly, the provisions of the AEDPA apply. *Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997).  The respondent first argues[2] that the petition is untimely under the one-year statutory deadline set forth in the AEDPA. This court agrees.

The one-year time period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3]  However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2).  State collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

---

[2]As this court recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

[3]The statute provides other possible start dates for the one-year time period that are not relevant here.  *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

8

The petitioner pled guilty and was sentenced on February 5, 2010. Thus, his conviction became final on February 15, 2010, ten days after sentencing, upon the petitioner's failure to serve and file a notice of appeal. *See* Rule 203 (b)(2), SCACR (ten day limit in which to appeal after sentencing). His federal statute of limitations began running on February 16, 2010, and ran until November 15, 2010, when the petitioner filed his PCR application, at which time 272 days of untolled time had elapsed. The statute remained tolled until, at the very latest, October 1, 2014, the date the remittitur was filed in the circuit court (doc. 16-3) after the South Carolina Supreme Court's September 11, 2014, order denying the petition for certiorari (doc. 16-6). *See Beatty v. Rawski*, 97 F. Supp. 3d 768, 775-76, 780 (D.S.C. 2015) (finding that final disposition of a PCR appeal in South Carolina does not occur until the remittitur is filed in the circuit court, and thus the Section 2254(d)(1) statute of limitations is tolled until that time).[4] Accordingly, the statute of limitations began to run again on October 2, 2014. As the petitioner is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court. The petitioner delivered his Section 2254 petition to prison authorities for mailing to the court on August 7, 2015 (doc. 1-1 at 2).[5] Another 309 days passed between October 2, 2014, and August 7, 2015. Thus, a total of 581 days of

---

[4] "There remains a dispute among the District of South Carolina opinions concerning whether (1) the decision date, (2) the remittitur date, or (3) the date of receipt of the remittitur controls for purposes of calculating the statute of limitations." *Jumper v. Warden of Broad River Corr. Inst.*, C.A. No. 1:15-4848-JFA-SVH, 2016 WL 2893988, at *6 n. 4 (D.S.C. Apr. 25, 2016) (citing cases), *R&R adopted by* 2016 WL 2866306 (D.S.C. May 17, 2016).

[5] The respondent uses August 13, 2015, for the filing date of the petition (doc. 16 at 10). Apparently, the respondent bases this on the stamp on the front of the envelope containing the petition (doc. 1-1 at 1). However, the back of the envelope shows that the petition was received by the Lee Correctional Institution mail room on August 7, 2015 (*id.* at 2).

untolled time[6] (272 + 309) elapsed prior to the filing of the petitioner's federal habeas petition, and the petitioner exceeded the statute of limitations by 216 days.

To avoid application of Section 2244(d) regarding the timeliness of the instant federal habeas petition, the petitioner must show that the one-year limitations period should be equitably tolled under applicable federal law. *See Holland v. Florida*, 560 U.S. 631 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); *Harris*, 209 F.3d 325 (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted); *see also Holland*, 560 U.S. at 649. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. *See also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.2003) (*en banc*).

The petitioner did not address the timeliness issue in his petition (*see* doc. 1 at 13) nor in his response in opposition to the motion for summary judgment (*see* doc. 31). As the petitioner has failed to show that he is entitled to equitable tolling of the statute of limitations, the petition should be dismissed as untimely.

---

[6]The respondent's calculations are slightly different than the undersigned's (*see* doc. 16 at 9-10).

10

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 15) be granted and the petitioner's Section 2254 petition be dismissed as untimely.

s/ Kevin F. McDonald
United States Magistrate Judge

May 24, 2016
Greenville, South Carolina

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).