IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Irshad Ibrahim Muhammad, | ) Civil Action No.: 6:15-3232-BHH |
| Petitioner, | ) |
| v. | ) **OPINION AND ORDER** |
| Warden of Lee Correctional Institution, | ) |
| Respondent. | ) |

Petitioner Irshad Ibrahim Muhammad ("Petitioner"), proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald, for pre-trial proceedings and a Report and Recommendation ("Report").

On October 23, 2015, Respondent Warden of Lee Correctional Institution ("Respondent"), filed a motion for summary judgment as well as a return and memorandum. (ECF Nos. 15, 16.) Since Petitioner is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on October 23, 2015, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response to Respondent's motion. (ECF No. 17.) In that order, Petitioner was advised of the possible consequence of dismissal if he failed to respond adequately. Petitioner failed to respond, and Magistrate Judge McDonald issued a Report and Recommendation that this case be dismissed for lack of prosecution on February 1, 2016. (ECF No. 29.) Petitioner then filed a late response in opposition to the motion for summary judgment, as well as objections to the Report on February 18, 2016. (ECF Nos. 31, 32.) The Court did not adopt the first Report, and referred the matter back to Magistrate Judge McDonald to consider Petitioner's late response in

-2-

opposition. (ECF No. 34.) Magistrate Judge McDonald considered the response in opposition, along with the remainder of the parties' submissions and the record in this case, and recommended Respondent's motion for summary judgment be granted. (ECF No. 37.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted). The Magistrate Judge advised Petitioner of his right to file specific objections to the Report. (ECF No. 37 at 12.) Petitioner has filed no objections and the time for doing so expired on June 10, 2016.

After a thorough review of the record of this matter, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error. Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 37) by reference into this order.

It is therefore ORDERED that the Respondent's motion for summary judgment (ECF No. 15) is GRANTED.

-3-

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

/s/ Bruce Howe Hendricks
United States District Judge

Greenville South Carolina
June 22, 2016

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.